JUSTICE COTTER
dissents.
¶114 Although I could agree with several of the points made in Justice Nelson’s Dissent, I am not inclined to parse the nuances of contract law or the Statute of Frauds, or deliberate the fine points of the Uniform Electronic Transactions Act. I cannot agree with the Court’s Opinion because-all other issues aside-the proceeding before the District Court, the results of which are affirmed here, violated the express provisions and intent of § 26-1-813, MCA. Moreover, the error committed by the District Court was not harmless.
¶115 The statute at issue, § 26-1-813, MCA, is part of the Montana Code Annotated chapter on evidence which covers privileges. Section 26-1-801, MCA, sets forth the policy on privileges. It provides: “There are particular relations in which it is the policy of the law to encourage confidence and to preserve it inviolate; therefore, a person cannot be examined as a witness in the cases enumerated in this part.” As reflected in the Court’s discussion at ¶¶ 8-13, the relations of the parties to the instant mediation did not remain confidential, much less inviolate. Affidavits detailing the negotiations during the mediation proceeding were filed in court, and were followed by the sworn testimony of mediation participants at the evidentiary hearing. These proceedings constituted a blatant violation of the general provisions of § 26-1-801, MCA, and the specific provisions of § 26-1-813, MCA. This being so, we err in making prodigious efforts to uphold the District Court’s decision.
¶116 The Court goes off the rails when it equates the mediation to a settlement conference, and the MOU to a settlement agreement. Opinion, ¶¶ 31-39. Settlement agreements are indeed subject to the provisions of contract law, and parties may be bound to the settlement agreements they have negotiated. However, the agreement ostensibly reached here was not reached at a settlement conference; it was *141 reached at a mediation. As such, unless the parties had agreed otherwise, the negotiations and proceedings among the parties and the mediator were first and foremost subject to the express statutory confidentiality provisions of § 26-1-813, MCA, and the law on privileges. This is not a simple matter of contract law.
¶117 The parties did not waive the confidentiality provisions of the statute, though they could have done so in writing and with the agreement of the mediator at any time prior to, during, or subsequent to the mediation. Section 26-l-813(5)(b), MCA. When it appeared that Kluvers did not intend to honor the agreement purportedly reached at the mediation, the Power Companies, the McRaes, and their counsel promptly opted to waive confidentiality. However, the Kluvers did not do so, and in fact consistently asserted the privilege. Opinion, ¶¶ 9-12. Whatever the equities of the Kluvers’ position, the Kluvers were within their rights to invoke the privileges of the statute. It is the law in Montana that whenever two or more persons are joint holders of a privilege, a decision by one joint holder of the privilege to waive it “does not affect the right of another joint holder to claim the privilege.” M. R. Evid. 503(b).
¶118 Because the Kluvers lawfully and consistently invoked their statutory privilege, and the parties did not agree to waive the privilege in writing as the statute permits, the District Court erred in declaring that the Kluvers waived their right to confidentiality. The communications between Kluvers and McRaes were protected “mediation-related communications” under § 26-1-813(3), MCA. Moreover, the fact that the Kluvers discussed the case with McRaes on two occasions after the conclusion of the mediation does not result in a waiver in any event, as McRaes were co-parties to the mediation and not strangers to the transaction. See e.g. American Zurich Ins. Co. v. Mont. Thirteenth Judicial Dist. Court, 2012 MT 61, ¶ 20, 364 Mont. 299, 280 P.3d 240 (voluntary disclosure of privileged communications to a third party results in waiver of the privilege).
¶119 Once the Kluvers asserted the privilege and objected to violation of the mediation confidentiality statute, the District Court erred in allowing other parties to the mediation to testify over their objection concerning the communications made during the mediation. Section 26-1-813(4), MCA, expressly provides that, except as provided in subsection (5) (which provides for a written agreement by the parties and the mediator agreeing to disclosure), “the parties to the mediation and a mediator ... may not be examined in any action as to any communication made during the course of the mediation *142 proceeding without the consent of the parties to the mediation and the mediator.” (Emphasis added.) The Kluvers did not consent. Therefore, the ensuing District Court proceedings were patently unlawful.
¶120 The admission in District Court of the testimony of the other mediation participants was not harmless error. Though the Court professes to reach the result here premised solely upon the MOU and the map, and not upon the testimony received during the court proceedings, the assumptions underlying the whole of the Court’s Opinion belie this assertion. In this regard, I agree completely with ¶ 107 of Justice Nelson’s Dissent. To reach its result, the Court accepts as fact information gleaned from testimony in the District Court to the effect that the Kluvers reviewed and approved the emailed agreement and directed their counsel to sign the agreement on their behalf. Indeed, the Court must embrace this evidence in order to reach the threshold conclusion that the MOU constitutes a “signed, written agreement” that would be admissible under the provisions of § 26-1-803(3), MCA. As Justice Nelson observes, the Court has built a house of cards. It is simply impossible to reach the decision the Court reaches here without first assuming as true matters the admission of which was error in the first instance.
¶121 Rules of privilege have the effect of excluding otherwise relevant evidence because of the public policy of protecting confidential communications. Commission Comments to Article V of the Montana Rules of Evidence. “From society’s perspective, the rules governing privileges can be justifiably viewed as the most important evidentiary doctrines.” Edward J. Imwinkelried, The New Wigmore: Evidentiary Privileges § 1.1 (2d ed., Wolters Kluwer 2009). We cannot ignore the fact that the Legislature has chosen to cloak mediation proceedings with confidentiality protections equivalent to those extended to attorney-client or priest-penitent communications. Rules of privilege are undeniably inconvenient in situations such as this; however, courts are not free to skirt or ignore these statutory guarantees in the interests of expediency. Unfortunately, in its desire to achieve an arguably equitable result, this is what the Court has done.
¶122 For the foregoing reasons, I disagree with much of the Court’s discussion and its ultimate conclusion that the admission of evidence protected under the mediation confidentiality statute was harmless error. I would therefore reverse, and I dissent from the Court’s failure to do so.